Morgan *v.* Dalrymple.

REBECCA C. MORGAN

*v.*

EVAN DALRYMPLE.

[Filed October 23d, 1899.]

1. A bond was executed in a certain amount, payable in one year, and concurrently with the execution of the bond the payee executed an agreement reciting the bond and stipulating that when the sum paid thereon amounted

Morgan v. Dalrymple.

to one-half the principal of the bond the payee would convey to the maker a certain tract of land. None of the principal of the bond was paid at maturity.—*Held*, that the payee of the bond, on its maturity, had the right to enforce the obligation and cut off the maker's equitable interest in the land by foreclosing his vendor's lien, and the lien was not extinguished by a delay of ten years before enforcing it.

2. Where one who took a bond for the purchase price of land and executed an agreement to convey, subsequently conveyed to the maker of the bond a part of the land, who endorsed on the agreement that the land conveyed " is hereby released and excepted from the condition of this agreement," the consideration for the part conveyed being in the same ratio to the principal of the bond as the part conveyed bore to the whole tract and endorsed as a payment on the principal, such conveyance and endorsement constituted a waiver of the seller's vendor's lien as to the part conveyed.

3. Where the debt, for which the vendor's lien is claimed, has passed into judgment, and the attorney of the judgment creditor has entered satisfaction of the judgment upon the record, the vendor's lien will not be enforced so long as the entry of satisfaction stands uncanceled.

On a bill filed to enforce a vendor's lien.

*Mr. John J. Crandall*, for the complainant.

*Mr Robert S. Clymer*, for the defendant.

REED, V. C.

The facts are as follows: On November 29th, 1888, Evan Dalrymple made a bond to Rebecca C. Morgan, accompanied by a warrant of attorney to confess judgment. The bond was conditioned for the payment of $855 within one year from October 1st, 1888, with interest thereon, payable semi-annually.

Concurrently with the execution of this bond an agreement was executed, signed by Rebecca C. Morgan, in which it was recited that Dalrymple had given to Rebecca his bond and warrant of attorney, bearing date November 29th, 1888, conditioned for the payment of $855 within one year from October 1st, 1888, with legal interest thereon, payable semi-annually, and witnessed that whenever the amount paid thereon reaches the sum of $427, being one-half of the principal sum of said bond, the said Rebecca C. Morgan, for herself, her heirs and assigns, agrees to

Morgan v. Dalrymple.

convey to said Evan Dalrymple a tract of ground in Gloucester county, containing two and eighty-five hundredths acres. At this time Dalrymple was already in possession of the said tract of land. Nothing was done to change the position of the parties in respect to the land until August 14th, 1890. Interest upon the bond had been paid, but none of the principal. On that date Rebecca conveyed to Dalrymple a part of the said tract, concerning which sale the following is endorsed upon the original agreement:

"'Received August 14, 1890, a certain indenture, bearing even date herewith, from Allan S. Morgan and Rebecca C. Morgan, covering 68-100 of an acre, being part of the tract described in this agreement. Reference to said indenture will more fully describe said lot of ground, with a messuage or tenement thereon, which ·is hereby released and excepted from the condition of this agreement.

                        " EVAN DALRYMPLE."

For this conveyance the sum of $204 was received, which was endorsed upon the bond as a payment upon the principal sum of $855, leaving due the sum of $651. It is perceived that the amount paid for the part sold was in the same proportion to its size as the sum of $855 is to the entire tract of two and eighty-five hundredths acres. Upon the part so sold Dalrymple has built a house. Interest was paid upon the bond by Dalrymple up to October 1st, 1897. On May 16th, 1899, Dalrymple, with one Robb, a real estate dealer, went to see William Morgan, the son of Rebecca C. Morgan, who had general charge of her affairs, and told him that there was a chance to sell a piece of ground adjoining the land still belonging to Mrs. Morgan, and that Robb wished something to show to the effect that the purchaser of the adjoining land would have the right to acquire this land also.

William Morgan signed the following paper: "I agree to rent or sell the land stated in an agreement with Evan Dalrymple on same terms, two acres more or less."

It does not appear that William had any authority to sign such a paper for his mother.

Counsel for the defendant insists that the original agreement conferred upon the defendant, who was in possession at the date

Morgan v. Dalrymple.

of the execution of the agreement, an option to purchase or rent; that he could pay interest upon the bond as rent, or could pay the amount stipulated and purchase. He further insists that the defendant can, as he has done, abandon the premises and sever his relation as tenant, as well as refuse to purchase.

I do not so construe the contract. The bond and agreement are parts of one transaction. The bond is referred to in the agreement, and it is so referred to as to display the fact that the amount secured by the bond was the consideration to be paid for the two-and-eighty-five-hundredths-acre tract.

By the bond Dalrymple bound himself to pay this amount in one year. By it he had the right, when one-half the principal was paid, to get title to the land. He could pay the one-half at any time before the maturity of the bond. Whether he could get title after the expiration of the year by paying only one-half of the same, would depend upon equitable considerations. The price was due on October 1st, 1889, by the terms of the bond, and at any time after that date the vendor had a right to enforce the obligation, and the right to cut off or foreclose the equitable interest of Dalrymple in the land arising out of the agreement. This right is what is meant by vendor's lien in those instances where the legal title remains in the vendor.

I am therefore of the opinion that, when the bond matured, there was a right to enforce this lien. It was not enforced at that time, as I have observed, but the vendor remained in possession, paying interest upon the bond.

But the right of lien belonging to the vendor was not extinguished by this delay to enforce it. But, assuming that the right to lien still exists, in my judgment it does not include the right to impress a lien upon the part which has been conveyed. By the endorsement upon the agreement this part was released and excepted from the condition of the agreement. The parcel sold was entirely paid for. It was built upon. The endorsement, although signed by Dalrymple, was written upon the agreement in the possession of the complainant and here presented in evidence by the complainant. It could not have been the intention of either party that this parcel should remain

liable for any portion of the unpaid part of the whole consideration. Such lien as may have existed was, by this transaction, waived in respect to this portion of the original tract. The lien, then, is confined to the remaining portion of the tract, and as the legal title to that land is still in the complainant the only force of a decree would be to cut off the equitable title, which resides in the defendant, by force of the agreement.

But I find a difficulty in the way of making even this decree. It appears that the judgment was entered on the bond before the filing of this bill. The entry of the judgment would not extinguish the right of the complainant to pursue his equitable remedy. *Graves* v. *Coutant, 4 Stew. Eq. 763, 780.* But there is offered in evidence a copy of the judgment record, certified by the clerk of Gloucester county, in which court the judgment was entered. Now a part of this record is the statement of the clerk that

"by virtue of a special warrant of attorney, duly acknowledged, from Allan S. Morgan, attorney for Rebecca C. Morgan, in the record named, and to me directed, do acknowledge that the said Rebecca C. Morgan is satisfied of the debt and costs. Dated June 25, 1889."

Here is a record evidence that the debt for which the lien is claimed passed unto judgment, which judgment has been satisfied. As long as this record stands it must be assumed that the debt has been paid.

I must advise a decree for the defendant.