REBECCA C. MORGAN, complainant and appellant,

*v.*

EVAN DALRYMPLE, defendant and respondent.

[Filed June 18th, 1900.]

1. Strictly speaking, a vendor's lien on lands attaches only after conveyance of the premises by the vendor to the vendee, although a lien may attach, as a trust, equally, whether it be actually conveyed or only be contracted to be conveyed.

2. In the latter case the vendor must do or offer to do what his contract of sale requires him to do before he can invoke equitable interference.

On appeal from a decree advised by Vice-Chancellor Reed, whose opinion is reported in *14 Dick. Ch. Rep. 42.*

*Mr. Allen S. Morgan, Jr.,* and *Mr. John J. Crandall,* for the appellant.

*Mr. Robert S. Clymer,* for the respondent.

The opinion of the court was delivered by

VAN SYCKEL, J.

On the 29th day of November, 1888, Dalrymple gave to Mrs. Morgan his bond and warrant of attorney for the sum of $855.

At the same time Mrs. Morgan entered into a written agreement with Dalrymple reciting the execution of said bond and warrant and agreeing, whenever he had paid to her one-half the amount due on said bond and warrant, to convey to him a certain tract of land in said agreement particularly described, containing two and eighty-five hundredths acres of land.

The title to said land remained in Mrs. Morgan, and Dalrymple paid the interest on said bond and warrant until April 1st, 1890. On the 16th of August, 1890, he paid to Mrs. Morgan

the sum of $204, and she thereupon conveyed to him without any reservation or further agreement or condition a portion of said lands containing sixty-eight hundredths of an acre, on which he subsequently built a dwelling-house.

The said sum of $204 was endorsed as a payment of principal upon said bond and warrant, and was in the same proportion to the size of the lot conveyed as the said sum of $855 is to the entire tract of two and eighty-five hundredths acres described in said agreement.

Thereafter Dalrymple continued to pay interest on the balance of the debt up to October 1st, 1897.

In 1899 Mrs. Morgan filed her bill against Dalrymple, setting up the aforesaid agreement, stating that there was still due her the sum of $719.03, and praying for relief as follows:

"Wherefore your oratrix prays that said Evan Dalrymple may, without oath, full, true and perfect answers make to all and singular the allegations of fact herein to the best of his information, knowledge and belief, and as fully as if the allegations had been herein repeated, and be interrogated thereto paragraph by paragraph; and further, that said Evan Dalrymple may by decree of this court be commanded to pay oratrix the aforesaid balance of purchase-money, with interest and costs, and that this court may adjudge and decree that the said balance of purchase-money is a lien on the above-described lands; and further, that this court adjudge and decree that said lands be sold to satisfy and make full compensation to your oratrix for her lands aforesaid, and that your oratrix have such other and further relief in the premises as justice may require."

On the 2d of June, 1899, Mrs. Morgan caused judgment to be entered against Dalrymple on said bond and warrant of attorney in the Gloucester county circuit court, and on the 28th day of June, 1899, her attorney entered satisfaction of the judgment, and she proceeded to obtain relief through her said suit in equity.

It is clear that she cannot claim a vendor's lien upon the part of said lands conveyed to Dalrymple unconditionally, and for which he paid the full amount of the purchase-price of that part so conveyed.

Nor is Mrs. Morgan in a position to establish by a decree in equity a vendor's lien upon the balance of the property for the unpaid purchase-money.

The claim of a vendor's lien for purchase-money is one of peculiar equitable cognizance, and is only maintainable in a court of equity. There is a constructive trust, when lands are conveyed and no security is taken for the purchase-money, that the purchaser shall be a trustee of the land for the vendor until the purchase-money is paid. An equitable lien is given on the land for this unpaid purchase-money, not only against the vendee, but against all subsequent purchasers who take *mala fide,* or with notice that the purchase-money remains unpaid. *Graves* v. *Coutant, 4 Stew. Eq. 777.*

Strictly speaking, a vendor's lien can attach only after conveyance of the premises by vendor to vendee, although a lien may attach to the estate, as a trust, equally, whether it be actually conveyed, or only be contracted to be conveyed. *2 Story Eq.* § *1218.*

In the latter case, which is the position now occupied by Mrs. Morgan, the vendor must do or offer to do what his contract of sale requires him to do before he can invoke equitable interference.

In this case Dalrymple has an equitable interest under the agreement in the balance of the land, the title to which still is in Mrs. Morgan.

If she desires to foreclose the equitable title of Dalrymple and re-establish title in herself free from any equity, she must first tender a conveyance to him. This she has hitherto failed to do, and is therefore without an equitable standing.

It may also be that the cancellation of the judgment, if made voluntarily by her, had the effect to discharge the debt as fully as if the holder of a promissory note, which is the only evidence of his claim, purposely destroys it, but upon this question it is not necessary to express an opinion.

The decree below is affirmed.

*For affirmance*—The Chancellor, Chief-Justice, Van Syckel, Dixon, Garrison, Lippincott, Gummere, Ludlow, Bogert, Hendrickson, Adams, Vredenburgh, Voorhees—13.

*For reversal*—None.