This bill was filed to impress a vendor's lien upon the lands conveyed to the defendant Abraham Neidorf by the complainant *Page 237 
Solomon Thatelbaum. The court found that the complainant was entitled to a vendor's lien for the sum of $800. The only question remaining open is whether or not this lien should take precedence over the lien of a judgment at law held by the defendant Samuel Neidorf, and which was entered in his favor in the Essex county circuit court on December 14th, 1925, on a suit instituted on November 25th, 1925. The bill in this cause was filed in October, 1925, and lis pendens was filed October 20th, 1925. On December 16th, 1925, another lis pendens, setting out more fully the purposes of the bill, was filed. It was admitted on the record at the trial of this cause that the judgment creditor had full knowledge of the complainant's claim for a vendor's lien long prior to the institution of the suit in the Essex circuit, and that his suit was brought, and the defendant Abraham Neidorf, who was a resident of the State of New York, submitted to service of the summons and complaint in this state for the purpose of obtaining priority over the complainant's lien. It is settled in this state that a vendor's lien for the unpaid purchase price of land attaches at the time of the conveyance from the vendor to the vendee. Morgan v. Dalrymple,59 N.J. Eq. 22; affirmed, 60 N.J. Eq. 466; Graves v. Coutant,31 N.J. Eq. 779.
It is not necessary to consider the sufficiency of the notice of lis pendens which was filed in this cause, as actual notice of complainant's claim and action was admitted by the judgment creditor, and actual notice is always equal to constructive notice. Further than that it may be said that the judgment creditor is not a bona fide purchaser without notice within the meaning of the lis pendens statute. It is further claimed on behalf of the judgment creditor that the complainant waived his vendor's lien by accepting other security at the time of the conveyance. The facts are that the vendor arranged to take an assignment from the vendee of a mortgage on New York property, as security for a portion of the purchase price of the lands which were the subject of the sale. The assignment was defective and the mortgage was never delivered to the vendor and the vendee collected the moneys *Page 238 
due thereon and failed to account therefor to the vendor. Under these circumstances there could certainly be no waiver.
The question of priority was first raised when a form of proposed decree in this cause was submitted. I advised the decree on October 13th last, but at the request of counsel for the judgment creditor withheld the filing of the decree in order to give him an opportunity to file a memorandum of law in support of his contention. This memorandum has now been submitted, but does not change my views, and the decree as already advised will now be filed.